**Application of Yasutoshi OKUZAWA.**

**Patent Appeal No. 76–561.**

United States Court of Customs
and Patent Appeals.

July 22, 1976.

**546**

Charles L. Gholz, Sughrue, Rothwell, Mion, Zinn & Macpeak, Washington, D. C., attorney of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents, John W. Dewhirst, Joseph T. Zatarga, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, LANE and MILLER, Judges, and ALMOND, Senior Judge.

MILLER, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Appeals affirming the rejection of claims 9 through 13 in application serial No. 235,696, filed March 17, 1972, for "View Finder for Cameras." We reverse.

*The Invention*

The invention involves an improvement in a viewfinder which guides the *novice* photographer in properly centering and focusing on the object to be photographed. The improvement comprises mark means (outlines of different size, position, and configuration) in the sight field of the viewfinder, which means indicate the correct size and position of the object(s) as seen through the viewfinder when properly positioned relative to the camera.

**FIG 2A**

According to appellant's specification, Figure 2A shows an embodiment of the invention in which a sight field 6 of a viewfinder is provided with a mark 7 for indicating the size and position of a one-person photo and a mark 8 for indicating the size and position of a three-person photo. These marks are printed on a glass positioned in the viewfinder optical system. When taking pictures, the photographer adjusts the image of the object(s) with the mark 7 or 8 so that the photo may have a proper size of the image.

Claim 9 is illustrative:

9. In a view finder for a camera comprising a sight field for viewing an object to be photographed, the improvement comprising:

means for positioning within said sight field a plurality of mark means of a different size, position and configuration corresponding to, the size, position and configuration of the objects being photographed when said objects are properly centered and positioned with respect to the camera lens system as seen through said view finder;

whereby, centering of a given object to be photographed and moving the camera relative to the object such that the object within the sight field corresponds in size, position and configuration to a corresponding mark means insures a proper position of the object relative to the camera and at a proper distance therefrom.

## The Reference

The sole reference is French patent No. 1,259,871 to Agfa Aktiengesellschaft (Agfa). Agfa discloses a device for indicating the focusing distance of the lens of a camera. The device includes a rotating indicator disc with sectors 16, 17, and 18 having image symbols thereon, with each sector corresponding to one of three focusing ranges (close, medium, and distant). As the focus of the lens comes within one of the focusing ranges, the image symbol on the corresponding sector moves into the sight field of the viewfinder; and as the focusing range is changed, the image symbol in the sight field changes.

The reference further discloses that the image symbol of a sector "corresponds diagrammatically to the object which the user simultaneously sees in the view finder," thus:

Owing to the fact that when the camera has been focussed correctly, the symbol of the range adjustment indicating device which appears in the view finder generally corresponds diagrammatically to the object which the user simultaneously sees in the view finder, it is easy for the user of the camera according to the invention to proceed to adjust the range and, if the user has not already done this, by glancing at the view finder he is reminded that he still has to make this adjustment. [From the certified English translation supplied by appellant.]

## The Rejection

The board sustained the examiner's rejection of the claims on appeal under 35 U.S.C. § 103 as obvious in view of Agfa. It found that the reference showed the means for positioning a plurality of mark means recited in independent claim 9 and that—

[t]he fact that Agfa shows [a plurality of mark means] appearing in the lower por-

tion of the [viewfinder sight field] does not preclude these "mark means" from being considered as being disposed to allow centering and positioning of the object and the group of objects to be photographed.

The board also found that the "whereby" clause of claim 9 "is not considered to distinguish the claim over the structure shown in the reference," stating:

The final "whereby" clause describing the centering of the object and the moving of the camera to insure "a proper position of the object relative to the camera and at a proper distance therefrom" sets forth a method of operation common both to appellant's camera and that disclosed in Agfa. We would expect one of ordinary skill in the art employing the structure called for in claim 9 to center the object being photographed in the view finder and to move his camera to the appropriate distance therefrom.

OPINION

The question is whether, as a matter of law, appellant's claims are obvious under 35 U.S.C. § 103 in view of Agfa. *In re Warner*, 379 F.2d 1011, 1016 n. 6, 54 CCPA 1628, 1634 n. 6, 154 USPQ 173, 177 n. 6 (1967).

The claims require mark means "of a different size, position and configuration corresponding to, the size, position and configuration of the objects being photographed when said objects are properly centered and positioned with respect to the camera lens system as seen through said view finder." However, the size, position, and configuration of the image symbols of Agfa do not correspond to the size, position, and configuration of the *object* to be photographed as seen though the viewfinder when the object is properly centered and positioned; nor do such image symbols suggest this correspondence, each serving primarily as a reminder of the range for which the camera lens is focused.

▮ The Solicitor argues that "corresponding to" in the context of the claims only "requires some relation or agreement between the 'corresponding' marks and objects," since the "claim language is to be given its broadest reasonable interpretation." However, claims are not to be read in a vacuum, and limitations therein are to be interpreted in light of the specification in giving them their "broadest *reasonable* interpretation." *In re Royka*, 490 F.2d 981, 180 USPQ 580 (CCPA 1974); *In re Prater*, 415 F.2d 1393, 56 CCPA 1381, 162 USPQ 541 (1969). We note that appellant's specification teaches that the mark means provides an indicating function to show when the object is properly centered and positioned, thus:

[An] object of the present invention is to provide a view finder for cameras in which marks *indicating the size and the position of the object* and for making focal adjustments appear clearly in the sight field of the view finder. [Emphasis added.]

Accordingly, we cannot agree with the Solicitor that only "some relation" satisfies the "corresponding to" limitation.

The Solicitor argues further that the image symbols of Agfa provide guidance in centering and distancing, since the "proportional relation between the symbols provided on Agfa's sectors . . . and the sectors . . . themselves clearly corresponds exactly to the proportional relation which similar objects would have to the view finder frame or sight field." However, although such diagrammatic reference point "guidance" might suffice for the skilled photographer, the claims, which concern an invention disclosed by the specification to be for "beginners," require (as previously pointed out) that the size, position, and configuration of the mark means correspond to the size, position, and configuration of the viewfinder image of the *object* itself.

The board stated that the sectors in Agfa constitute mark means. However, if they do, then the "plurality of mark means" would not be "of a different size, position and configuration," as required by the claims, since each of the sectors is clearly of

the same size and position (although each has a different image symbol thereon).

 In view of the foregoing, we hold that the claimed invention would not have been obvious in view of Agfa to one of ordinary skill in the art.

The decision of the board is *reversed.*

REVERSED

LANE, J., dissents.