**In re Francis W. TUOMINEN.**

**Appeal No. 81–590.**

United States Court of Customs
and Patent Appeals.

Feb. 25, 1982.

Forrest L. Collins, Minneapolis, Minn., for appellant.

---

Joseph F. Nakamura, Sol., and Fred W. Sherling, Associate Sol., Washington, D. C., for Patent and Trademark Office.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

BALDWIN, Judge.

This is an appeal from a decision by the United States Patent and Trademark Office Board of Appeals (board), sustaining the examiner's rejection under 35 U.S.C. § 102 of claims 1 and 2. We affirm.

### The Invention

Appealed claim 1 is directed to a "sunscreen composition containing as an active ingredient tocopherol acetylsalicylate" (TA), while appealed claim 2 recites a–TA as the active ingredient. Tuominen discloses a single example of the claimed sunscreen composition, a 10% oleyl alcohol solution of a–TA (1%) in a mineral oil carrier.

### ·Prior Art

The board affirmed the examiner's rejection of the appealed claims as being fully met by each of three references. The first is an abstract of a 1971 Japanese patent disclosing a procedure for synthesizing TA, which is described as an analgesic agent "which did not harm the stomach."[1] The second reference cited by the examiner is an abstract of a 1975 Japanese journal article that discusses the hydrolysis and lymphatic absorption of twelve "tocopheryl esters," including "a-tocopheryl acid succinate."[2]

The third reference, a French patent (Bohuon), was submitted to the PTO by Tuominen after the first office action.[3] Bohuon teaches a synthesis for a–TA and, in addition, discloses that a "therapeutic composition" including TA and a "physiologically acceptable excipient" is useful in the prevention and treatment of "vascular thromboses."

1. Nakamura, et al., CHEM.ABST. 76, 34105x (1972).

2. Nakamura, et al., CHEM.ABST. 84, 25708j (1976).

### The Proceedings Below

In sustaining the examiner's rejection, the board relied on *In re Pearson*, 494 F.2d 1399, 181 USPQ 641 (CCPA 1974), for the proposition that patentability of a known composition cannot be predicated solely on a claim preamble setting forth a use for the composition that is not suggested by the prior art. Thus, the board stated that:

> The composition is the same no matter what its intended use is and, consequently, the appealed claims are not seen to distinguish over the art which also discloses a composition of the recited active ingredient. We will not construe the instant claims to be limited to compositions also containing other ingredients usually utilized in sunscreening compositions merely by the fact that the introductory clause of the claims recite a different contemplated utility for the claimed composition not taught by the art. Rather, as done by the Examiner, we interpret the claims to be drawn to a composition of the active ingredients, per se, and, as such, under the rationale of *Pearson*, they fail to distinguish over the references.

### OPINION

Contrary to the board's findings, Tuominen contends that the recitation of "sunscreen composition" in the preamble of each of the appealed claims limits those claims to a combination of TA and additional ingredients typically found in sunscreen compositions, rather than to TA per se. According to Tuominen, none of the cited references anticipates the claimed composition, since none discloses the active ingredient in a mixture to be applied topically.

Giving the appealed claims the broadest reasonable interpretation consistent with the specification, *see, e.g., In re Okuzawa*, 537 F.2d 545, 548, 190 USPQ 464, 466

3. C. Bohuon, French patent No. 2,314,722, published January 14, 1977, for "Method for Preparing Acetyl Salicylate from Tocal and the Like."

(CCPA 1976), we agree with Tuominen to the extent that the claimed composition is a mixture of TA and one or more other compounds, rather than TA alone. Thus interpreted, however, Tuominen's claims read upon a mixture of TA and, among others, a physiologically acceptable carrier suitable for topical use. Therefore, they are anticipated by Bohuon's disclosure of a composition including TA in association with a physiologically acceptable excipient. *See In re Schaumann*, 572 F.2d 312, 316 & n.10, 197 USPQ 5, 8 & n.10 (CCPA 1978); *In re Petering*, 49 CCPA 993, 1000, 301 F.2d 676, 681, 133 USPQ 275, 280 (1962).

Consequently, even if "sunscreen composition" is read as Tuominen urges, the claimed composition is not limited to exclude a composition within the teachings of Bohuon. The only distinction to which Tuominen can aver is a difference in use, which cannot render the claimed composition novel. *See In re Pearson*, 494 F.2d 1399, 1403, 181 USPQ 641, 644 (CCPA 1974); *In re Zierden*, 56 CCPA 1223, 1226–27, 411 F.2d 1325, 1328–29, 162 USPQ 102, 104–05 (1969).

Therefore, the decision of the board is *affirmed*.

AFFIRMED.

MILLER, Judge, dissenting.

I respectfully dissent from the holding in the majority opinion that Tuominen's claims are anticipated by Bohuon's general disclosure of TA in association with a "physiologically acceptable excipient."

All words in a patent claim, whether in the preamble or the body of the claim, may have patentable significance. There is no statutory justification for ignoring one part of a claim while giving weight to another. Rather, the entire claim should be considered to determine the "subject matter which the applicant regards as his invention." *See* 35 U.S.C. § 112.

The majority opinion correctly states that the claimed composition "is a mixture of TA and one or more other compounds." TA is known in the prior art, as are mixtures of TA and *some* other compounds. Because we must determine whether the claimed invention is identically disclosed in any of the references before us, the critical inquiry is what "other compounds" are encompassed by Tuominen's claims and whether any of them are shown by the references. In *In re Pearson*, relied upon by the majority opinion, this court stated:

We do not mean to imply that terms which recite the intended use or a property of a composition can never be used to distinguish a new from an old composition. However, assuming their compliance with the definiteness requirement of the second paragraph of 35 U.S.C. § 112, such terms must define, indirectly at least, some characteristics not found in the old composition.

494 F.2d at 1403, 181 USPQ at 644.[1]

In the present case, the term "sunscreen composition" is clearly a limitation of the claims and is the only limitation on the "other compounds." In accordance with *In re Pearson, supra*, it is necessary to determine whether "sunscreen composition" defines, indirectly at least, some characteristic of the "other compounds" not found in the references. If "sunscreen composition" is given the interpretation urged by Tuominen and supported by the specification, the "other compounds" must be suitable for topical application and must be of the type commonly found in sunscreen compositions. Even if "sunscreen composition" is given a broader interpretation, the "other compounds" must render the composition suitable for application to a surface to be protected from the sun. For example, combinations of TA with starch, silica, sugar, or gum arabic would not reasonably be considered "sunscreen compositions." It is uncontested by the PTO that none of the references discloses a sunscreen utility for

---

1. It is clear from the quoted language that *In re Pearson* does not stand for the proposition for which it is cited in the majority opinion.

compositions including TA as one ingredient, and Tuominen asserts that the prior art compositions are unsuitable for use as sunscreen compositions.

The majority opinion correctly states that Tuominen's claims read upon a mixture of TA and a physiologically acceptable *carrier suitable for topical use.* However, its conclusion, that the claims are, therefore, anticipated by Bohuon's disclosure of TA with a physiologically acceptable *excipient,* is a non sequitur, because Bohuon says nothing about topical application. Indeed, the majority opinion raises an issue which was not raised below, to which Tuominen has had no opportunity to respond, and amounts to a new rejection made for the first time on appeal. The majority opinion merely assumes that excipients for drugs taken internally are "carriers suitable for topical application." *In re Schaumann* and *In re Petering,* cited in the majority opinion to justify its holding of anticipation, are not applicable to the facts of this case. Those cases involved generic formulae with a small number of possible substituents individually disclosed in Markush format. In *Petering,* this court held that each of the 20 possible species was disclosed "as fully as if [the patentee] had drawn each structural formula or written each name." 49 CCPA at 1000, 301 F.2d at 682, 133 USPQ at 280. On the record before us, the undefined generic term "excipient" includes an unknown number of species having unknown properties, and because this point has not been addressed by the parties, it is unknown what a person of ordinary skill in the art would have understood the term to mean.[2]

---

2.  It is noted that no rejection for indefiniteness under 35 U.S.C. § 112 is before the court.